**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARIEL ALEJANDRO NUNEZ MORA,

     Petitioner,

v.                                   No. 2:26-cv-00928-DHU-JHR

WARDEN, Otero County Processing Center, *et al*,

     Respondents,

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Petitioner Ariel Alejandro Nunez Mora's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ("Petition"). Doc. 1. Petitioner challenges his immigration detention and seeks a release from custody or a bond hearing. The Court, Hon. Kenneth Gonzales, recently dismissed Petitioner's claims because he is subject to detention during the 90-day removal period under 8 U.S.C. § 1231. Having reviewed the record, and since Petitioner is still within the 90-day period, the Court will dismiss the Petition without prejudice to refiling at a later time.

## <u>BACKGROUND</u>

Petitioner is an immigration detainee at the Otero County Processing Center ("OCPC") in Chaparral, New Mexico. He was detained on September 16, 2025. *See* Doc. 1 at 4. On January 6, 2026, the immigration judge entered an order of removal. *Id.* Petitioner did not file an appeal with the Board of Immigration Appeals (BIA), and the removal order is now final. *See* Doc. 1 in *Nunez Mora v. OCPC*, 26-cv-0460 KG-DLM (reflecting that the last day to appeal the removal order was February 5, 2026); https://acis.eoir.justice.gov/en/caseInformation (reflecting a removal order was entered on January 6, 2026, and no appeal was filed).

Petitioner filed a habeas petition on February 17, 2026, and sought a release from custody. The Court, Hon. Kenneth Gonzales, dismissed the petition without prejudice because Petitioner is subject to mandatory detention during the 90-day removal period under 8 U.S.C. § 1231. *See* Doc. 3 in *Nunez Mora v. OCPC*, 26-cv-0460 KG-DLM.

Petitioner filed the instant case on March 27, 2026. He raises two grounds for relief. Ground one states Petitioner is subject to prolonged and unconstitutional detention. *See* Doc. 1 at 6. Ground two references a pending asylum petition/request under the Cuban Adjustment Act and alleges Petitioner is being held without bond. *Id.* He seeks immediate release from custody or, alternatively, a bond hearing within 48 hours. *Id.* at 7.

## DISCUSSION

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief. *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the Judge must order … an answer." *Id.*

Where, as here, Petitioner is subject to a final order of removal, detention is governed by *Zadvydas,* 533 U.S. at 682 and 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after issuing the final removal order. *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may

continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id. at* 701.

As explained in *Nunez Mora v. OCPC*, 26-cv-0460 KG-DLM, a final removal order was entered on January 6, 2026, and Petitioner is subject to mandatory detention during the 90-day removal period. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen). Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable through July 6, 2026. *See Zadvydas,* 533 U.S. at 701. Petitioner therefore cannot obtain a release from custody or a bond hearing at this time. *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to … orders of removal, meaning those aliens are not entitled to a bond hearing").

Because the Court cannot grant the requested relief (release or a bond hearing) at this time, the Petition will be dismissed without prejudice. Petitioner may refile his claims for prolonged detention after expiration of the six-month period under *Zadvydas* (*i.e.,* after July 6, 2026) or if the basis for the claims change.

**IT IS ORDERED** that Petitioner Ariel Alejandro Nunez Mora's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**

3

to refiling; and the Court will enter a separate judgment closing the civil case.

_____

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE